**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-01325-REB-MJW

SANDI UHRIG,

      Plaintiff,

v.

BANNER HEALTH, an Arizona corporation d/b/a North Colorado Medical Center,

      Defendant.

---

**ORDER RE: MOTION FOR SUMMARY JUDGMENT**

---

**Blackburn, J.**

The matter before is **Defendant's Motion for Summary Judgment** [#50],[1] filed May 23, 2014. I grant the motion for summary judgment in part and deny it in part.[2]

### I.  JURISDICTION

I have jurisdiction over this matter under 28 U.S.C. §§1331 (federal question) and 1367 (supplemental jurisdiction).

### II.  STANDARD OF REVIEW

Summary judgment is proper when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  **FED. R. CIV. P.** 56(a);

---

[1] "[#50]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] The issues raised by and inherent to the motion for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motion stands submitted on the briefs. *Cf.* **FED. R. CIV. P.** 56. ***Geear v. Boulder Community Hospital***, 844 F.2d 764, 766 (10th Cir.) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties), ***cert. denied***, 109 S.Ct. 312 (1988).

***Celotex Corp. v. Catrett***, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. ***Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); ***Farthing v. City of Shawnee***, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); ***Farthing***, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue. ***Concrete Works, Inc. v. City & County of Denver***, 36 F.3d 1513, 1517 (10th Cir. 1994), ***cert. denied***, 115 S.Ct. 1315 (1995). Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. ***Id***. at 1518. All the evidence must be viewed in the light most favorable to the party opposing the motion. ***Simms v. Oklahoma ex rel. Department of Mental Health and Substance Abuse Services***, 165 F.3d 1321, 1326 (10th Cir.), ***cert. denied***, 120 S.Ct. 53 (1999). However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence. ***Rice v. United States***, 166 F.3d 1088, 1092 (10th Cir.), ***cert. denied***, 120 S.Ct. 334 (1999).

### III. ANALYSIS

The facts of this case are well known to the parties and need not be repeated at length here. Plaintiff, a flight nurse, was terminated in November 2011, for alleged job

performance issues. She has asserted claims for discrimination and retaliation[3] under the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101-12213; interference and retaliation under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601-2654; and state law claims for wrongful discharge in violation of public policy, breach of contract, and promissory estoppel.

I find that summary judgment is appropriate as to plaintiff's claims for breach of contract and promissory estoppel. "A basic common-law doctrine was that, in the absence of an explicit contract to the contrary, every employment is presumed to be an 'at-will' employment." ***Martin Marietta Corp. v. Lorenz***, 823 P.2d 100, 104 -05 (Colo. 1992). ***See also Soderlun v. Public Service Co. of Colorado***, 944 P.2d 616, 619

---

[3] Defendant did not move for summary judgment as to plaintiff's ADA and FMLA retaliation claims in its motion. In its reply brief, however, it maintains that these claims were never pled in the complaint and therefore are waived. To the contrary, it is defendant which has forfeited this argument. Both claims were clearly set forth in the parties' proposed Final Pretrial Order, which this court adopted at the close of the final pretrial conference little more than a week ago. (***See* Final Pretrial Order** ¶¶ 3(3) & 3(5) at 3 [#71], filed June 27, 2014.) In addition, the parties subsequently jointly submitted stipulated instructions as to these claims. (***See* Joint Proposed Jury Instructions Stip-16** at 22, **Stip-19 & 20** at 27-28, & **Stip 40, 41 & 42** at 55-57 [#78], filed July 1, 2014.)

Moreover, the Final Pretrial Order supersedes any prior pleading in the case and becomes the controlling document for trial. ***See Wilson v. Muckala***, 303 F.3d 1207, 1215 (10th Cir. 2002). "[T]he inclusion of a claim in the pretrial order is deemed to amend any previous pleadings which did not include that claim." ***Id.*** Although the court does not "normally expect to see claims or defenses not contained in the pleadings appearing for the first time in the pretrial order," ***id.***, generally, "a plaintiff should not be prevented from pursuing a valid claim just because she did not set forth in the complaint a theory on which she could recover, provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits," ***Evans v. McDonald's Corp.***, 936 F.2d 1087, 1090-91 (10th Cir. 1991). The inclusion of previously unasserted claims in the Final Pretrial Order effectively constitutes an amendment to the complaint, and leave to amend should be freely given "when justice so requires." ***Okland Oil Co. v. Knight***, 92 Fed. Appx. 589, 601-02 (10th Cir. Dec. 17, 2003) (citing Fed. R. Civ. P. 15(a)).

Defendant did not even bring this issue to the court's attention at the final pretrial conference, much less object to or show prejudice inherent in the granting of the belated amendment. These claims appear to be based on much, if not all, of the same evidence that will be offered in support of plaintiff's other claims as to which summary judgment is being denied. Thus, in the exercise of my discretion, I find and conclude that, to the extent defendant has not forfeited its objection all together, it has not been deprived of fair notice or an opportunity for discovery as to these claims and therefore that the amendment should be allowed and the claims tried to the jury.

3

(Colo. App. 1997) ("Absent an explicit understanding to the contrary, every employment relationship is presumed to be 'at-will,' meaning that either the employer or the employee may terminate the relationship at any time, without notice and without cause."). However, that presumption may be rebutted on

> proof that the employer made statements to the employee . . . and that those statements, the circumstances under which they were made, and the employee's reaction thereto, met the requirements of **Restatement (Second) of Contracts** § 24 (1981) for an offer by the employer and the acceptance of that offer by the employee. Alternatively, even if the requirements for the formation of a contract under Restatement § 24 cannot be shown, the employee may demonstrate that conditions have been imposed upon the at-will relationship, based upon statements made by the employer, by proving the prerequisites for application of doctrine of promissory estoppel under **Restatement (Second) of Contracts** § 2 and § 90 (1981).

*Soderlun*, 944 P.2d at 619. In an attempt to demonstrate such an enforceable statement based on language included in certain Corrective Action Statements which were used as part of defendant's progressive discipline policy. Plaintiff asserts that the forms' admonition to the manager completing it to "be specific; use names, dates, time etc." constitutes a promise that plaintiff could be terminated only if that directive was followed. (**Def. Motion App.**, Exhs. D, F, & G.)

This argument is specious. Nothing in this language can reasonably be interpreted to constitute an offer sufficient to create an enforceable contract between defendant and plaintiff,[4] *see* **RESTATEMENT (SECOND) OF CONTRACTS** § 24, or to give

---

[4] Nor does this statement constitute a revision of the Employee Handbook, which plaintiff likewise has not shown constitutes an enforceable employment contract. Indeed, the evidence plainly demonstrates that it is not. "While statements made in an employee handbook limiting an employer's right to discharge employees may be the basis for breach of implied contract and promissory estoppel claims by discharged employees, summary judgment is appropriate if the employer has clearly and conspicuously

rise to a promise sufficient to induce any action or forbearance on plaintiff's part,[5] *see id.* § 90(a). Summary judgment therefore will be granted as to those claims.

However, with respect to plaintiff's remaining claims, having reviewed the motion and response and the apposite arguments, authorities, and evidence presented by the parties, it is apparent that there exist genuine disputes as to material facts that are not appropriate for summary resolution. Thus the motion for summary judgment as to those claims must be denied.

## IV. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant's Motion for Summary Judgment** [#50], filed May 23, 2014, is **GRANTED IN PART** and **DENIED IN PART**, as follows:

> a. That the motion is **GRANTED** with respect to plaintiff's claims for breach of contract and promissory estoppel, and those claims are **DISMISSED WITH PREJUDICE**; and
>
> b. That in all other respects, the motion is **DENIED**; and

---

disclaimed intent to enter into a contract limiting the right to discharge employees." *George v. Ute Water Conservancy District*, 950 P.2d 1195, 1198 (Colo. App. 1997). Defendant's Employee Handbook contains a conspicuous "DISCLAIMER" page which clearly informs employees that

> This handbook provides general, non-binding information regarding the employment policies of Banner Health ("Banner"). It is intended as a guide. It is not an employment contract or a promise to provide specific terms or conditions of employment. Your employment is "at-will," meaning that either you or Banner may terminate employment at any time for any reason or no reason, with or without advance notice.

(**Def. Motion App.**, Exh. A.) Thus, any argument that the Employee Handbook creates a contract or constitutes a promise enforceable under a theory of promissory estoppel is patently foreclosed.

[5] Plaintiff does not even bother to identify what action she took or abstained from taking in reliance on this representation.

5

2.  That at the time judgment enters, judgment with prejudice **SHALL ENTER** on behalf of defendant, Banner Health, an Arizona corporation d/b/a North Colorado Medical Center, against plaintiff, Sandi Uhrig, as to plaintiff's claims for breach of contract and promissory estoppel.

Dated July 8, 2014, at Denver, Colorado.

**BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge